UNITED STATES of America,
Appellee,

v.

Elbert Lee EASLEY, Appellant.

No. 74–1271.

United States Court of Appeals,
Ninth Circuit.

Sept. 27, 1974.

James T. Ford (argued), Sacramento, Cal., for appellant.

Bruce Babcock, Jr. (argued), Asst. U. S. Atty., Sacramento, Cal., for appellee.

OPINION

Before MERRILL and ELY, Circuit Judges, and REAL, * District Judge.

* Honorable Manuel L. Real, United States District Judge, Los Angeles, California, sitting by designation.

PER CURIAM:

 Easley was convicted of one count of conspiracy in connection with the handling of counterfeit money (18 U.S.C. § 371) and six more counts, four of passing counterfeit notes, one of attempting the passing of a counterfeit note, and the last, of possession of a counterfeit note, all in violation of 18 U.S.C. § 472. He was sentenced to six concurrent fifteen-year terms of confinement on six of the counts and an additional five-year term of confinement on count one of the indictment, this to be served consecutively. In this appeal, Easley directs the principal portion of his argument to the proposition that the evidence was insufficient to support the conviction of Easley as to several of the counts. His argument as to count one, the conspiracy count, has no merit whatsoever. Both the defendant and his wife were identified as being persons passing counterfeit money on various occasions. While we are doubtful that the evidence was sufficient to justify determinations of Easley's guilt as to counts two, four, and five, we have no difficulty in concluding that there was no evidentiary deficiency as to counts three, six, and seven. Since the sentences on the counts other than that charging conspiracy were made to run concurrently, we, exercising our discretion, need not elaborate concerning our doubt as to the sufficiency of the prosecution's evidence pertaining to counts two, four, and five.

 Easley also complains over the court's permitting the prosecution to introduce evidence that Easley had been convicted in 1968 for having passed counterfeit bills produced from the same plate or negative as the counterfeit money involved in the present case. This argument boarders on the frivolous, since the 1968 conviction was comparatively recent and the evidence of such was manifestly material to the issue of Easley's criminal intent. The court properly admonished the jury as to the restrictive purpose for which the evidence of the prior conviction was received and might properly be considered.

 Bearing on count seven, Easley was arrested on June 28, 1973 and, at that time, an agent of the Secret Service found a counterfeit $100 bill in Easley's possession. The agent testified that he arrested Easley pursuant to an arrest warrant. In this the agent may have been mistaken, since the only warrant in the record before us appears to have been issued on September 5, 1973, over two months after Easley's arrest. This cannot operate to Easley's advantage, however, since the record reveals that the agent had adequate probable cause to arrest Easley on June 28th even assuming that no valid arrest warrant was outstanding at the time.

 Finally, Easley argues that his conviction should be reversed because the defense and prosecution attorneys conferred when he was not present. The subject of the conference was procedural, involving the scope of possible cross-examination of the defendant. These are the types of conferences wherein an accused need not be present, and, as a matter of fact, it is often desirable that he not be so. It does not appear that Easley requested to be a party to the conference of which he complains, and his attorney participated in the conference voluntarily.

The judgments of conviction are affirmed.