UNITED STATES of America, Plaintiff-Appellee,

·v.

Alva Dotson BENNETT, Defendant-Appellant.

No. 81–1662.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 12, 1982.

Decided March 30, 1983.

Donald B. Marks, Marks & Brooklier, Beverly Hills, Cal., for defendant-appellant.

Henry H. Rossbacher, Los Angeles, Cal., for plaintiff-appellee.

Before WRIGHT, WALLACE, and KENNEDY, Circuit Judges.

KENNEDY, Circuit Judge:

Appellant, Alva Dotson Bennett, was indicted with accomplices and tried on one count of conspiracy, 18 U.S.C. § 371, forty-nine counts of making false statements to the United States Department of Labor, 18 U.S.C. § 1001, seven counts of theft and embezzlement of CETA funds, 18 U.S.C. § 665(a), and two counts of filing false income tax returns, 26 U.S.C. § 7206(1). We affirm his convictions.

Bennett was secretary-treasurer of Teamsters Union Local 911. The criminal charges were for participating in a scheme to defraud the Government of funds appropriated under CETA. The first part of the fraud was to bill the CETA program for work purportedly done by defendant's collaborators and codefendants. The money so generated was kicked back to Bennett. The second part of this scheme involved salaries of four teamster employees. Bennett misrepresented facts in order to collect salaries for four employees for work in fact not performed.

The kickbacks to Bennett included a series of payments by a company which administered the program. Bennett did not report these payments on his tax return. Also included in the unreported income was a check he received from a codefendant. That payment was unrelated to the CETA fraud scheme.

Bennett's first contention is that charging him both with infractions of 18 U.S.C. § 665(a) and 18 U.S.C. § 1001 violates the double jeopardy clause. We reject that claim.

■ The double jeopardy clause is not violated where separate charges are based on statutes, each of which requires proof of a fact the other does not. *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932); *Dixon v. Dupnik,* 688 F.2d 682, 684 (9th Cir.1982). The *Blockburger* test is met "notwithstanding a substantial overlap in the proof offered to establish the crimes." *Iannelli v.*

*United States,* 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1293 n. 17, 43 L.Ed.2d 616 (1975). The two statutes involved here, 18 U.S.C. § 665(a) and 18 U.S.C. § 1001, do meet the *Blockburger* test for separate charges. The statutory elements of 18 U.S.C. § 665(a) not required to be proved under § 1001 include, for example, the requirement that the defendant be connected with an agency receiving financial assistance under CETA. The statutory elements of 18 U.S.C. § 1001 not part of § 665(a) include an affirmative act of falsifying or concealing a material fact; the making of a false, fictitious, or fraudulent statement or representation; or the making or use of a false writing or document.

■ The defendant also contends that it was reversible error to join the fraud and tax evasion counts. Since the codefendants pleaded guilty and defendant was tried alone, the controlling joinder rule is Fed.R. Crim.P. 8(a), which sanctions the joinder of all offenses that are of "the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Rule 8(a) is clearly met here. The tax evasion counts were offenses of the same character, and they were occasioned mostly by the necessity of concealing the illegal proceeds of the offenses charged in the remaining counts.

■ Appellant argues that the indictment was multiplicitous in that it charged him for the same offense in several separate counts. Counts 2–45 charged the appellant with submitting certain misleading invoices. Counts 46–50 charged him with submitting close-out reports that are summations of these misleading invoices. In *United States v. UCO Oil Co.,* 546 F.2d 833, 839 (9th Cir.1976), *cert. denied,* 430 U.S. 966, 97 S.Ct. 1646, 52 L.Ed.2d 357 (1977), we held that each false document made or submitted may be charged as a separate violation of 18 U.S.C. § 1001. The counts charged separate offenses under this rule, and they are not multiplicitous.

The district court properly denied the defendant's motion for discovery of grand jury transcripts. To obtain disclosure, the defense must show "a particularized need" for the grand jury materials requested. *Pittsburgh Plate Glass Co. v. United States,* 360 U.S. 395, 400, 79 S.Ct. 1237, 1241, 3 L.Ed.2d 1323 (1959). The defendant's assertion that he has no way of knowing whether prosecutorial misconduct occurred does not constitute a particularized need outweighing the need for grand jury secrecy.

The district court did not improperly restrict the scope of cross-examination in this case. "[T]he test as to 'whether the trial court's ruling violated the sixth amendment is whether the jury had in its possession sufficient information to appraise the biases and motivations of the witness.'" *Chipman v. Mercer,* 628 F.2d 528, 530 (9th Cir.1980). That test is met in the present case.

Finally, the defendant complains that the district judge's conduct during the trial conveyed the impression of bias to the jury, denying him a fair trial. Before a jury's verdict will be overturned because of the conduct of a trial judge in "rebuking or punishing an attorney" or otherwise intervening in the proceedings, "it must appear that the conduct measured by the facts of the case presented together with the result of the trial, was clearly prejudicial to the rights of the party." *United States v. Eldred,* 588 F.2d 746, 750 (9th Cir.1978). The assessment is to be made, moreover, in light of the evidence of guilt. *United States v. Poland,* 659 F.2d 884, 886, 894 (9th Cir.), *cert. denied,* 454 U.S. 1059, 102 S.Ct. 611, 70 L.Ed.2d 598 (1981).

The cited instances of alleged judicial misconduct do not warrant reversal. It was justifiable for the trial judge to reprimand defense counsel for holding a document in his hand during cross-examination in a way designed to suggest that it was a report he was reading from, where he had been told in a prior sidebar conference to avoid precisely this tactic. All of the other reprimands but one took place outside the presence of the jury and were not prejudicial. In one instance, the trial judge's conduct was improper. He improperly rebuked defense counsel for asking that a witness's unresponsive answer be stricken. The answer was in fact stricken later on. This one instance of error, viewed in the entire context of a case where there is substantial evidence of guilt, does not require reversal.

AFFIRMED.