892 F.2d 84
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward Emilio OLNEY, Defendant-Appellant.
 No. 89-50071.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 5, 1989.
Decided Dec. 18, 1989.
 
 Before GOODWIN, Chief Judge, SCHROEDER and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Edward Olney ("Olney") was convicted of two counts of transporting illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(B). Olney appeals from the conviction, alleging that he did not have a fair trial because of improper remarks made by the government during closing arguments and because of erroneous rulings and remarks made by the district court judge. We affirm Olney's conviction.
 
 
 3
 * On March 29, 1988, Olney drove a dump truck, which was carrying a load of gravel, to the San Clemente truck scales. The Border Patrol agent's attention was caught by Olney's flushed face and nervousness. Olney subsequently consented to have the agents and a dog search the truck. During the search, the dog reacted, alerting the agents. After further inspection, the agents discovered a secret compartment underneath the gravel. Inside the compartment were twenty undocumented aliens.
 
 
 4
 The primary defense theory presented at trial was that Olney was duped by two other individuals into unknowingly transporting the aliens across the border. The government argued at trial that Olney was a participating alien smuggler who had full knowledge that the aliens were in the secret compartment.
 
 II
 
 5
 Olney first complains that he was denied a fair trial because the district court improperly allowed the prosecution to remark that the defense's theory was a commonly used "phantom" or "some other dude did it" defense. Responding to the defense's closing argument that two other men had duped Olney into transporting the aliens, the government stated in its rebuttal, "we get some phantoms floating around here who aren't in court. We got the wrong persons. Across the street in state they call it the SODDI defense; that means 'some other dude did it.' It's a ploy to pull the wool over your eyes as to who really is responsible in this case." Olney's counsel objected.
 
 
 6
 The trial judge has broad discretion in controlling closing arguments. Unless there is an abuse of discretion, the ruling of a trial judge will not be disturbed. United States v. Guess, 745 F.2d 1286, 1288 (9th Cir.1984), cert. denied, 469 U.S. 1225 (1985). "Moreover, improprieties in counsel's arguments to the jury do not constitute reversible error unless they are so gross as probably to prejudice the defendant, and the prejudice has not been neutralized by the trial judge." Id. (citations and quotation omitted).
 
 
 7
 Responses to defense arguments may appropriately be made during closing arguments. United States v. Feldman, 853 F.2d 648, 665 (9th Cir.1988) (government's reference during closing arguments to undiscovered lawsuits was a reasonable response to defense's arguments), cert. denied, 109 S.Ct. 1164 (1989). Here, the defense suggested in its closing argument that Olney was being duped by two other individuals into transporting the aliens. Thus, we believe that the prosecutor's statement was a response to the defense's argument.
 
 
 8
 Even if the prosecutor's remark were not reasonable, "in the circumstances of the trial as a whole, ... [it was not] so prejudicial that [it] likely influenced the jury adversely to the defendant and deprived the defendant of a fair trial." United States v. Patel, 762 F.2d 784, 795 (9th Cir.1985). Therefore, the district court did not commit reversible error in allowing the comment.
 
 III
 
 9
 Olney also claims that other remarks made by the prosecutor during closing argument were improper. Since the defense attorney did not object at the time, we consider the propriety of these remarks under the plain error standard of review. United States v. Lane, 708 F.2d 1394, 1399 (9th Cir.1983). Thus, we limit our review to errors that seriously affect the fairness, integrity or public reputation of judicial proceedings. United State v. Kessi, 868 F.2d 1097, 1107 (9th Cir.1989).
 
 
 10
 Olney first challenges the prosecutor's characterization of the truck as a "hearse" and a "steel coffin" as well as the prosecution's speculations of what would have happened to the aliens if the compartment had not been opened.
 
 
 11
 Here, the prosecution's analogies were not unreasonable given the fact that the truck held twenty undocumented aliens in a wooden box three feet high under a load of gravel. "Hard blows are permissible in closing arguments and even when statements go beyond reasonable inferences made from the evidence, reversal is proper only if they were likely to have prejudiced the defendant." Feldman, 853 F.2d at 665 (citation omitted). We do not believe the prosecution's statements to be particularly egregious. See, e.g., Campbell v. Kincheloe, 829 F.2d 1453 (9th Cir.1987) (permissible to suggest during closing argument that if the defendant is not given the death penalty he may attack fellow prisoners), cert. denied, 109 S.Ct. 380 (1988).
 
 
 12
 Olney also challenges the prosecutor's remark requesting that the jury return a verdict that "speaks the truth and the truth is, ladies and gentlemen, the defendant is guilty." In so doing, Olney argues that the prosecutor stated his personal opinion about what the truth is.
 
 
 13
 Here, the prosecutor's statement occurred at the conclusion of his argument after reviewing the evidence in the case. It is fairly clear that his statement was referring to the evidence heard by the jury. His comments were much less direct than many which the courts have found not to be plain error. See, e.g., United States v. Laurins, 857 F.2d 529, 539 (9th Cir.1988) (no plain error when prosecutor remarked during closing argument " '[i]t's obvious I think that after listening to all the evidence defendant has lied to you consistently throughout. His entire testimony is one big lie and falsity' "), cert. denied, 109 S.Ct. 3215 (1989).
 
 
 14
 In sum, we do not believe that the prosecutor's remarks constitute plain error.
 
 IV
 
 15
 Olney finally argues that because the district court did not originally allow him to testify during direct examination about a conversation with Hill, he was denied a fair trial. "A federal judge has broad discretion in supervising trials, and his or her behavior during trial justifies reversal only if it abuses that discretion." Laurins, 857 F.2d at 537. A new trial is justified only if the record shows the judge's participation resulted in actual bias or leaves an abiding impression that the jury perceived an appearance of advocacy or partiality. Id. (citation omitted).
 
 
 16
 Here, the district court corrected his own rulings in time to allow Olney to testify about his conversation with Hill during direct examination. Therefore, since all of the desired testimony did come in, Olney was not prejudiced.
 
 
 17
 Olney also alleges that the district court's reference to a "phantom" defendant and his description of "hearsay of the rankest kind" resulted in suggesting to the jury that Olney's testimony was incredible. But viewing the district court's conduct overall during the trial, the court's comments did not prejudice Olney. See United States v. Schaflander, 719 F.2d 1024, 1026 (9th Cir.1983) (no clear prejudice to defendant when the district court engaged in a lengthy colloquy, in the presence of the jury, with defendant to ascertain if the defendant understood his rights, even though the jury may have concluded that the court believed that the defendant would perjure himself), cert. denied, 467 U.S. 1216 (1984).
 
 
 18
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3