967 F.2d 595
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roy M. PORTER, Benjamin F. Gay III, Defendants-Appellants.
 Nos. 90-10366, 90-10345.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 16, 1992.
Decided June 16, 1992.
 
 Before HUG, TANG and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Gay and Porter, former officers of National Toll Free Marketing Company, appeal their convictions for mail fraud and interstate transportation of fraudulently obtained property. Gay also appeals his conviction for failure to file income tax returns. We affirm.[1]
 
 DISCUSSION
 I. The Ex Parte Communication
 
 3
 Gay and Porter argue that the district court's telephone conversation with the prosecutor discussing the scheduling of witnesses and the feasibility of supplementary opening statements constitutes reversible error. We disagree.
 
 
 4
 First, the district court did not err in denying Gay's and Porter's motion for a mistrial. The telephone call between the judge and prosecutor in this case was confined to procedural matters. The conversation did not touch upon legal issues pending before the court or matters to be decided by the jury. The defendants' characters and potential trial tactics were not discussed. Cf. Guenther v. Commissioner, 939 F.2d 758, 761 (9th Cir.1991) (per curiam). Nor did the prosecutor engage in argumentation. Cf. id. This type of ex parte communication does not amount to a constitutional violation.
 
 
 5
 Second, we reject Gay's and Porter's argument that, under 28 U.S.C. §§ 144 and 455(a), the district court should have recused itself following the ex parte contact. Arguments for recusal under sections 144 and 455(a) may not be raised for the first time on appeal, absent a demonstration of factors that excuse the failure to raise the claim in the trial court. United States v. Conforte, 624 F.2d 869, 879 (9th Cir.), cert. denied, 449 U.S. 1012 (1980); United States v. Sibla, 624 F.2d 864, 868 (9th Cir.1980).
 
 
 6
 Third, we decline Gay's and Porter's invitation to reverse their convictions as an exercise of our supervisory powers. The district court's error in engaging in an ex parte communication in this case does not call for the drastic remedy of reversing Gay's and Porter's convictions. Furthermore, an exercise of supervisory powers is inappropriate when, as here, any error was harmless. United States v. Hastings, 461 U.S. 499, 506 (1983).[2]
 
 
 7
 Fourth, we reject Gay's and Porter's argument that their absence from the telephone call between the judge and prosecutor violated the Fifth Amendment's Due Process Clause. The Fifth Amendment right to be present does not extend to conferences discussing procedural and trial management issues. See, e.g., Lowery v. Cardwell, 575 F.2d 727, 729 (9th Cir.1978); United States v. Easley, 505 F.2d 184, 185 (9th Cir.1974). Nor did their absence run afoul of Fed.R.Crim.P. 43. Even assuming the ex parte telephone call is a "stage of the trial" within the meaning of Fed.R.Crim.P. 43(a), no "reasonable possibility of prejudice resulted from the [defendants'] absence." United States v. Kupau, 781 F.2d 740, 743 (9th Cir.), cert. denied, 479 U.S. 823 (1986); see also United States v. Wheat, 813 F.2d 1399, 1404 (9th Cir.1987) (ex parte, in-chambers conference with defense counsel does not require reversal because no reasonable possibility of prejudice shown), aff'd, 486 U.S. 153 (1988).
 
 
 8
 II. Remarks Concerning Defense Counsel's Conduct
 
 
 9
 We reject Gay's and Porter's contention that remarks made by the district court to their attorneys during a conference outside the presence of the jury denied them due process. A judge's rebuke of counsel does not warrant reversal absent a showing of clear or significant prejudice. United States v. Bennett, 702 F.2d 833, 836 (9th Cir.1983); United States v. Poland, 659 F.2d 884, 886 (9th Cir.), cert. denied, 454 U.S. 1059 (1981). No such showing of prejudice has been made. Particularly because the jury was not present, the district court's outburst fell far short of creating the " 'pervasive climate of partiality or unfairness' " that the Constitution condemns. United States v. Garcia, 924 F.2d 925, 928 (9th Cir.) (quoting United States v. DeLuca, 692 F.2d 1277, 1282 (9th Cir.1982)), cert. denied, 111 S.Ct. 2809 (1991). This appears to have been an isolated expression of irritation or impatience on the part of the trial judge. Cf. Bennett, 702 F.2d at 836 ("This one instance of error, viewed in the entire context of a case where there is substantial evidence of guilt, does not require reversal."); see also Poland, 659 F.2d at 893.
 
 
 10
 We likewise find unavailing Gay's and Porter's argument that the district court's statements so intimidated their attorneys that their counsel became constitutionally ineffective. Statements that may unnerve defense counsel do not merit reversal absent a showing of clear prejudice. United States v. Burt, 765 F.2d 1364, 1368 (9th Cir.1985). The circumstances of this case do not support a finding of prejudice.
 
 III. Jury Instructions On Intent to Defraud
 
 11
 Gay and Porter argue that the district court's instruction on circumstantial evidence of intent, permitting the jury to examine the scheme itself, is misleading. However, we have repeatedly held that the scheme itself constitutes probative circumstantial evidence of an intent to defraud. United States v. Plache, 913 F.2d 1375, 1381 (9th Cir.1990) ("[T]his intention is shown by examining the scheme itself."); United States v. Mason, 902 F.2d 1434, 1442 (9th Cir.1990) ("Specific intent is established by the existence of a scheme which was reasonably calculated to deceive persons of ordinary prudence and comprehension, and this intention is shown by examining the scheme itself.") (quotations omitted); United States v. Green, 745 F.2d 1205, 1207 (9th Cir.1984) (same), cert. denied, 474 U.S. 925 (1985); United States v. Bohonus, 628 F.2d 1167, 1172 (9th Cir.) (same), cert. denied, 447 U.S. 928 (1980).
 
 IV. Mistrial Due to Prosecutor's Question
 
 12
 The district court did not abuse its discretion in denying a mistrial on the basis of an improper rhetorical question posed by the prosecutor. While the prosecutor's remark was no doubt improper, the statement did not taint the entire trial. The remark did not seek to elicit inadmissible or highly prejudicial information. Cf. United States v. Davenport, 753 F.2d 1460, 1463 (9th Cir.1985) ("This danger of prosecutorial misconduct is especially acute where ... the insinuation is inadmissible propensity evidence upon the government's case in chief."). Nor did it imply the existence of additional incriminating evidence outside the courtroom. Cf. id. Rather, the statement sought to impress upon the jury that investors lost large amounts of money as a result of Gay's and Porter's activities. This sentiment had already been properly conveyed to the jury through the testimony of disappointed investors. See United States v. Paone, 782 F.2d 386, 395 (2d Cir.) (no reversible error where inadmissible evidence duplicated earlier testimony), cert. denied, 479 U.S. 882 (1986).
 
 V. The Jury Instruction on Reasonable Doubt
 
 13
 The district court's reasonable doubt instruction does not constitute plain error. While criticism has been heaped upon the type of reasonable doubt instruction given by the district court in this case, we have held that phrasing the instruction in terms of willingness to act, rather than a hesitancy to act, does not amount to plain error. United States v. Nolasco, 926 F.2d 869, 871 (9th Cir.) (en banc), cert. denied, 112 S.Ct. 111 (1991); United States v. Rhodes, 713 F.2d 463, 472 (9th Cir.), cert. denied, 464 U.S. 1012 (1983); United States v. Robinson, 546 F.2d 309, 313-14 (9th Cir.1976), cert. denied, 430 U.S. 918 (1977). In light of the additional statements made by the district court in an attempt to define reasonable doubt, overall the instruction sufficiently conveyed the gist of the reasonable doubt standard so that the particular phraseology employed does not amount to plain error.
 
 VI. Exclusion of Evidence of Employee Firing
 
 14
 We affirm the district court's ruling on the relevance of the evidence of Moline's firing. Ms. Nomer could not testify to what Porter believed about the company or about Gay's honesty. Nor could she offer competent testimony as to how Porter interpreted the Moline firing. The testimony was thus not of such obvious relevance as to make its exclusion an abuse of discretion. Furthermore, the same evidence was put before the jury through Gay's testimony. Any error that occurred in the timing of the evidence's introduction to the jury is not sufficiently egregious to merit reversal of the convictions. See United States v. Basile, 569 F.2d 1053, 1057 (9th Cir.) ("[W]hat Holden sought to have admitted earlier was eventually admitted and any error cured."), cert. denied, 436 U.S. 920 (1978); see also United States v. Krowen, 809 F.2d 144, 151 (1st Cir.1987).
 
 VII. Motion to Sever
 
 15
 We affirm the district court's denial of Porter's motion to sever due to misjoinder. See United States v. Kenny, 645 F.2d 1323, 1344-45 (9th Cir.), cert. denied, 452 U.S. 920 (1981); United States v. Roselli, 432 F.2d 879, 899 (9th Cir.1970), cert. denied, 401 U.S. 924 (1971); see also Shelton, 669 F.2d at 460 ("Joinder of the three tax counts were also proper because those counts charged [three of the defendants] with a failure to pay income tax on the proceeds of the scheme to defraud."); cf. United States v. Anderson, 642 F.2d 281, 284 (9th Cir.1981) (joinder of narcotics conspiracy and tax counts permissible under Fed.R.Crim.P. 8(a)).
 
 VIII. The Cumulative Impact of Errors
 
 16
 Gay and Porter argue lastly that the cumulative effect of the foregoing errors warrants reversal of their convictions. See United States v. Wallace, 848 F.2d 1464, 1475-76 (9th Cir.1988). We reject this contention and affirm their convictions for two reasons.
 
 
 17
 First, Gay and Porter raise this issue for the first time on the last page of Porter's reply brief. As a general rule, appellants cannot raise a new issue for the first time in their reply briefs. Eberle v. City of Anaheim, 901 F.2d 814, 818 (9th Cir.1990).
 
 
 18
 Second, the scattershot errors alleged by Gay and Porter do not reveal a pattern or prevalence of error sufficient to mandate reversal of their convictions. Some errors are inevitable in trials of this length. But "while a defendant is entitled to a fair trial, he is not entitled to a perfect trial, 'for there are no perfect trials.' " United States v. Payne, 944 F.2d 1458, 1477 (9th Cir.1991) (quoting Brown v. United States, 411 U.S. 223, 231-32 (1973)), cert. denied, 112 S.Ct. 1598 (1992). Gay and Porter received a fair trial.
 
 The convictions are
 
 19
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Gay's and Porter's remaining contentions on appeal are addressed in a published opinion filed concurrently with this memorandum disposition
 
 
 [2]
 Gay's and Porter's request that this court exercise its supervisory powers and reverse their convictions as a means of sending a message to district court judges about the sanctity of original jury panels is denied for these same reasons