141 F.3d 1182
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Derna Wong WYLDE, a/k/a Derna Wong, Defendant-Appellant.
 No. 97-15443.
D.C. Nos. CV-96-02039-FMS CR-94-00240-FMS.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted Mar. 10, 1998**.
Decided Mar. 17, 1998.
 
 Appeal from the United States District Court for the Northern District of California Fern M. Smith, District Judge, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Derna Wong Wylde, a federal prisoner, appeals pro se from the district court's denial of her 28 U.S.C. § 2255 motion. We review de novo. See Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 
 3
 Wylde first contends that her counsel was ineffective for failing to present mitigating evidence at sentencing, including medical and psychological evidence. This contention lacks merit because Wylde was not prejudiced by her counsel's failure to submit additional evidence as the district court assumed that all of Wylde's allegations about her psychological history were true. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (stating that ineffective assistance of counsel claims may be disposed of based on lack of sufficient prejudice without examining performance prong).
 
 
 4
 Wylde next contends that the government engaged in prosecutorial misconduct by submitting to the court a false victim impact statement. There is no evidence that the statement was false.[1]
 
 
 5
 Wylde finally contends that the district judge engaged in judicial misconduct based on the judge's comments at sentencing and the denial of Wylde's post-sentencing motion for production of documents. We disagree because there is no evidence that the judge's conduct was clearly prejudicial to Wylde's rights. See United States v. Bennett, 702 F.2d 833, 836 (9th Cir.1983).
 
 
 6
 Wylde's motion to expand the record on appeal is denied. Wylde's motion for expedited appeal or, alternatively, for release pending appeal is denied.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 In her reply brief, Wylde also asserts a prosecutorial misconduct claim because the government investigator used outrageous tactics. Because Wylde did not raise this issue in her opening brief, we do not consider it. See United States v. Birtle, 792 F.2d 846, 848 (9th Cir.1986)