UNITED STATES of America,
Plaintiff-Appellee,

v.

Gerald M. SCHAFLANDER,
Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Stephen M. WRIGHT,
Defendant-Appellant.

Nos. 83–5918, 83–6001.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 3, 1984.

Decided Sept. 25, 1984.

Gray Feess, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Vana Parker Margolese, Los Angeles, Cal., for defendants-appellants.

1. Schaflander and Wright filed two separate § 2255 motions. Since the appeals of the denials of the § 2255 motions were consolidated, and since much of the supporting memoranda for the two motions are identical, we refer to the two motions as one.

2. Schaflander and Wright filed two separate motions for a new trial. Since the appeals of the denials of those motions were consolidated, we refer to the two motions as one.

Before ELY, SCHROEDER, and NELSON, Circuit Judges.

PER CURIAM:

Defendants-Appellants Schaflander and Wright appeal the District Court's Order denying their motion[1] to vacate sentence under 28 U.S.C. § 2255. The Notice of Appeal was timely filed, and we have jurisdiction to consider the appeal under 28 U.S.C. § 1291. We affirm.

FACTS:

After a lengthy trial, the appellants were each convicted of ten counts of mail fraud in violation of 18 U.S.C. § 1341. *See United States v. Schaflander,* 719 F.2d 1024, 1025 (9th Cir.1983). Thereafter, they moved for a new trial, alleging, *inter alia,* ineffective assistance of counsel. The District Court denied the motion[2] after a hearing. The appellants then appealed their judgments of conviction and the denial of their motion for a new trial. *See id.* In their direct appeal, the appellants did not challenge the District Court's rejection of their insufficiency of counsel claim. *See id.* at 1025–27. In November 1983 our Court unanimously affirmed both the denial of the appellants' motion for new trial and the judgments of conviction. *See id.*

While the direct appeal was pending, the appellants moved to vacate sentence, alleging prosecutorial misconduct, judicial misconduct, and ineffective assistance of counsel. The District Court denied the appellants' motion without an evidentiary hearing and without a response from the Government. The court's Order[3] reads:

3. The Order cited in the text was issued by the District Court with respect to Schaflander. The District Court's Order Denying [Wright's] § 2255 Motion apparently was "lost" and was not included in the record that is now before this Court. We are assuming for the purposes of this appeal that the District Court's Order with respect to Wright was similar to its Order with respect to Schaflander.

Based on this Court's independent recollection of the events at issue and review of the record, [defendants'] motion to vacate sentence for prosecutorial misconduct, judicial misconduct, and ineffective assistance of counsel is hereby denied, pursuant to Title 28 U.S.C. § 2255. The Court has reviewed the files and records of the case, and has concluded that the defendant[s] [are] not entitled to relief.

In this appeal the appellants challenge the propriety of the District Court's summary denial of their § 2255 motion and contend that the District Court erred in failing to order an evidentiary hearing on their claim of ineffective assistance of counsel.

ISSUES PRESENTED:

1. Did the appellants waive their claim of ineffective assistance of counsel when they failed to raise that claim in their appeal from the denial of their motion for new trial?

2. Did the District Court properly deny the appellants' § 2255 motion without an evidentiary hearing? [4]

I. WAIVER

■ The Government contends that the appellants' failure to raise the insufficiency of counsel claim on direct appeal precludes collateral review of that claim. This contention has little merit. First, constitutional claims may be raised in collateral proceedings even if the defendant failed to pursue them on appeal. *Davis v. United States*, 417 U.S. 333, 345 n. 15, 94 S.Ct. 2298, 2304 n. 15, 41 L.Ed.2d 109 (1974); *Marshall v. United States*, 576 F.2d 160, 162 (9th Cir.1978). Second, the customary procedure in this Circuit for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack on the conviction under 28 U.S.C. § 2255, *United States v. Birges*, 723 F.2d 666, 670 (9th Cir.1984), and this Court has been chary of analyzing insufficiency of counsel claims on direct appeal, *see id.* Thus, the

appellants' failure to raise the insufficiency of counsel claim on direct appeal does not preclude collateral review of that claim.

Our next inquiry, then, is whether the record, files, and previous proceedings in the case provide a sufficient basis for the District Court to evaluate the appellants' § 2255 insufficiency of counsel claim. In other words, we must determine whether the District Court erred by denying the appellants' § 2255 motion without first conducting an evidentiary hearing.

II. EVIDENTIARY HEARING

■ When a § 2255 motion is made, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall ... grant a prompt hearing thereon." 28 U.S.C. § 2255. The standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir.1980), *cert. denied*, 451 U.S. 938, 101 S.Ct. 2018, 68 L.Ed.2d 325 (1981). A hearing must be granted unless the movant's allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal. *See Blackledge v. Allison*, 431 U.S. 63, 76, 97 S.Ct. 1621, 1630, 52 L.Ed.2d 136 (1977); *Baumann v. United States*, 692 F.2d 565, 571, 581 (9th Cir.1982).

■ The Supreme Court has recently enunciated the standards for judging a criminal defendant's contention that the Constitution requires a conviction to be set aside because counsel's assistance at trial was ineffective. *See Strickland v. Washington*, — U.S. —, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. *Id.* at —, 104 S.Ct. at 2063. To this end,

---

**4.** The appellants also raise the issue of the appropriate remedy for the improper summary denial of a § 2255 motion. Since we conclude

that the District Court properly denied the appellants' § 2255 motion, we do not reach the "remedy" issue.

the defendant must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment. *Id.* at ——, 104 S.Ct. at 2065. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. *Id.* Second, the defendant must affirmatively prove prejudice. *Id.* at ——, 104 S.Ct. at 2067. He must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

Bearing in mind the above-specified legal standards, we now turn to the contentions made in the appellants' § 2255 motion. In their motion the appellants set forth numerous allegedly prejudicial omissions and errors of counsel:

1. The appellants allege that defense counsel erred by failing to call some twenty-eight defense witnesses who would have presented exculpatory testimony. Our review of the record reveals that this allegation, even if true, does not state a claim for relief. The testimony that the twenty-eight uncalled witnesses would have presented was cumulative to the testimony of the fifteen defense witnesses who were called at trial. Thus, the appellants have failed to show that "prejudice" resulted from the failure to call the witnesses they have identified. *See id.* at ——, 104 S.Ct. at 2067. Because the appellants' allegation does not state a claim for relief, *see id.*, the District Court did not err in denying the § 2255 motion without an evidentiary hearing on this allegation. *See Baumann,* 692 F.2d at 571, 581.

2. The appellants allege that defense counsel erred by failing to investigate or object to the admissibility of a certain tape recording of an alleged meeting at which Dr. Schaflander made numerous statements. As we stated in regard to this issue in our disposition of the appellants' direct appeal, "The jury's verdict

could not, within the realm of predictable probability, have been affected even if defense counsel had chosen during the trial to present the matters contained in the post-trial motion." *United States v. Schaflander,* 719 F.2d at 1027. Since the "matters contained" in the § 2255 motion are essentially identical to the "matters contained" in the post-trial motion, the appellants have not satisfied the *Strickland* test for "prejudice." Their allegation does not state a claim for relief, and the District Court did not err in denying the § 2255 motion without an evidentiary hearing on this issue.

3. The appellants allege that defense counsel erred by failing to introduce additional evidence to refute the Government's "inference" that they had "absconded with corporate funds and cached them in a Swiss bank account for their personal use." This contention has absolutely no merit. Nothing in the record or in the matters contained in the § 2255 motion indicates that defense counsel's actions with regard to this issue were "outside the wide range of professionally competent assistance." *See Strickland,* —— U.S. at ——, 104 S.Ct. at 2065. The District Court did not err by rejecting this claim without an evidentiary hearing.

4. The appellants allege that defense counsel erred by failing to introduce additional evidence "to refute the authenticity of a prejudicial document with a forged signature, introduced by the Government to impeach ... Schaflander." This contention, too, has no merit. Even assuming that defense counsel's action or omissions were "outside the wide range of professionally competent assistance," the materials in the record and in the § 2255 motion do not show that there is a "reasonable probability that ... the result of the proceeding would have been different" if defense counsel had presented further evidence that tended to show that the document was forged. *See id.* at ——, 104 S.Ct. at 2067. The record reveals that there were innumerable pieces of inculpatory evidence, and there is no reason to be-

lieve that the jury would have tied its verdict to this one piece of evidence or that this one piece of evidence was significant. The District Court did not err with respect to this claim.

5. The appellants allege that defense counsel erred by failing to introduce additional evidence to refute the "charge" that the appellants had forged two documents. Our review of the record reveals that defense counsel's performance with regard to the two documents was reasonable under the circumstances. Counsel vigorously cross-examined the relevant witnesses and introduced evidence in the form of Appellant Schaflander's testimony. Moreover, in light of all the evidence in the record, we cannot say that the appellants' § 2255 motion has shown "a reasonable probability that ... the result of the proceeding would have been different" had additional evidence been introduced. *See id.* The District Court did not err with respect to this issue.

6. The appellants allege that defense counsel erred by not deposing two defense witnesses who were too ill to come to trial. We have examined the proposed statements of the two witnesses, and we find their statements to be cumulative of the testimony given at trial. Once again, the District Court did not err with respect to this claim.

7. The appellants allege that defense counsel erred by failing to move for a mistrial for alleged prosecutorial misconduct. As we held in our disposition of the appellants' direct appeal, the two incidents identified by the appellants clearly did not constitute prosecutorial misconduct. *See United States v. Schaflander,* 719 F.2d at 1026–27. In these circumstances, counsel did not commit unprofessional errors by failing to move for a mistrial, and the District Court did not err by summarily rejecting appellants' claim with regard to this issue.

8. The appellants allege that defense counsel erred by failing to object to the testimony of a U.S. Postal Inspector regarding the appellants' bookkeeping methods, by failing to move for a mistrial after the testimony, and by failing to preserve this issue for appeal. Our review of the record indicates that defense counsel could well have objected to the witness' testimony on the ground that the witness was not qualified as an expert in certified public accounting. Whether the trial court would have sustained the objection is unclear, however, for the witness did possess a fair amount of expertise as to the matters to which he testified. Moreover, the appellants have not shown that the admission of the testimony was a reasonable ground for a mistrial or for a reversal. Indeed, our review indicates that even if it was error for counsel not to object to the testimony or for the Court to allow the testimony to be admitted, such error was not prejudicial. The portion of the testimony to which appellants now object was effectively rebutted by vigorous cross-examination and by Appellant Wright's and others' testimonies, and even the prosecutor conceded as much in his closing argument. The District Court did not commit error by summarily rejecting this claim.

9. The appellants allege that defense counsel erred by failing to introduce additional evidence to refute the Government's charge that the appellants had misrepresented that their company had completed its research and development. Our review reveals that there was overwhelming evidence of the appellants' misrepresentations with regard to their company's research and development. The materials contained in the appellants § 2255 motion do not show "a reasonable probability that ... the result of the proceeding would have been different" if the materials had been introduced at trial. *See Strickland,* —— U.S. at ——, 104 S.Ct. at 2067. Again, the District Court did not err by summarily rejecting this claim.

10. The appellants allege that defense counsel erred by failing to introduce additional evidence to refute the Government's charges that the appellants had fraudulently claimed that prominent scientists con-

sulted for them and that the appellants used the scientists' names without permission. Like the immediately preceding "charge," there was overwhelming evidence of the appellants' fraudulent claims about the relationship between the prominent scientists and the appellants' company. Once again, the materials the appellants have presented in their § 2255 motion do not show "reasonable probability that . . . the result of the proceeding would have been different" if the materials had been introduced at trial, *see id.*, and the District Court did not err with respect to this claim.

11. The appellants allege that defense counsel erred by failing to introduce additional evidence to refute the Government's charges that the appellants had misrepresented their company's technological solar cell production accomplishments. As before, even assuming that all of the appellants' factual allegations are true, the material in the § 2255 motion simply does not show a "reasonable probability" of "prejudice" to the appellants. Therefore, even assuming that it was error for defense counsel not to introduce the additional "evidence" identified by the appellants, such "error" has not been shown to be prejudicial, and the District Court did not err with respect to this issue.

12. The appellants allege that defense counsel erred by failing to introduce additional evidence to refute the Government's charges that the appellants had made representations about their "test-demonstration trips in hydrogen and Hy-Fuel™ cars." This contention has no merit. Our review of the record indicates that, even assuming the appellants' "specific factual allegations" to be true, the appellants simply have not shown that defense counsel's performance with respect to this issue fell "outside of the wide range of professionally competent assistance." *See id.* at ——, 104 S.Ct. at 2065. There was no error in summarily rejecting this claim.

13. The appellants allege that defense counsel erred by failing to introduce

additional evidence to refute the Government's charge that the appellants had made misrepresentations about their ability to mass produce solar cells at a competitive price. All of the appellants' claims with regard to this issue involve the testimony of one witness (one Dr. Herbert Matare), testimony which was refuted by both appellants' testimony. In light of the other evidence introduced at trial, the appellants have not shown a "reasonable probability that . . . the result of the proceeding would have been different" had counsel further impeached this one witness' testimony. *See id.* at ——, 104 S.Ct. at 2067. The materials, even when taken at face value, do not demonstrate the necessary prejudice to state a claim for relief for ineffective assistance of counsel. There was no error in summarily rejecting this claim.

14. The appellants allege that defense counsel erred by failing to introduce additional evidence to refute the Government's charge that the appellants' had suppressed intra-company memoranda that questioned the cost-competitiveness of the company's technological processes. This contention has absolutely no merit. Even assuming that all of the appellants' "specific factual allegations" are true, defense counsel's performance with regard to this issue was well within "the wide range of professionally competent assistance." *See id.* at ——, 104 S.Ct. at 2065. The District Court did not err by summarily rejecting this claim.

15. The appellants allege that defense counsel erred by failing to introduce additional evidence to refute the Government's " 'Second Level Case' of inferential charges of [appellants'] high-living and wrongdoing." This contention, too, has no merit. The factual allegations pertaining to this issue simply do not state a claim for relief for ineffective assistance of counsel, and the District Court committed no error with respect to this issue.

16. The appellants allege that defense counsel erred by failing to introduce addi-

tional evidence to refute the Government's charges that the appellants (1) guaranteed the repayment of loans and (2) invoked false cut-off dates to raise loans. This contention is meritless as well. Once again, the portion of the § 2255 motion that discusses this issue simply does not state a claim for relief; defense counsel's performance was clearly sufficient with regard to this issue. The District Court did not err by summarily rejecting this claim.

■ 17. The appellants allege that defense counsel erred by failing to use during the trial the appellants' memoranda, notes, and questions for witnesses. The appellants allege that this failure "severely compounded [defense counsel's] almost total lack of preparation." We find this contention to be unpersuasive. First, the record and the § 2255 motion itself reveal that defense counsel worked fairly closely with the appellants during trial and followed the suggestions of the appellants when questioning witnesses and when introducing evidence. Second, the record and the § 2255 motion show that at least two attorneys in the defense "team" undertook reasonably detailed pretrial preparation. Thus, the "records, files and previous proceedings" in this case provide a sufficient basis for evaluating the claim, and the District Court properly rejected the claim.

■ 18. The appellants allege that defense counsel further failed to act competently on the appellants' behalf during the pretrial period, by failing to conduct a pretrial investigation, by failing to hire a pretrial investigator, by failing to investigate the Government's pretrial documents and materials, by failing to investigate the appellants' documents and materials, by failing to request a Bill of Particulars, by failing to conduct discovery, and by failing to interview government and defense witnesses. The § 2255 motion and the rest of the record clearly disprove the majority of these claims. First, as noted above, the record and the § 2255 motion show that at

least two attorneys in the defense team conducted a reasonably detailed investigation into the facts of the case. And, in the circumstances of this case, we cannot say that it was prejudicial error for defense counsel not to hire an additional pretrial investigator. As to the claims of failing to review the Government's and appellants' documents, the appellants have not made a sufficient factual showing that would require an evidentiary hearing, for they have in no way substantiated these claims. As to the failure to request a Bill of Particulars, the record conclusively shows that no "prejudice" resulted from this error; the Indictment in this case was more than sufficiently detailed to inform the appellants of the essential facts of the crime for which they had been indicted, to enable them to prepare their defense, and to avoid the danger of surprise to the appellants at trial. As to the claim of failing to conduct discovery, the record reveals that over two months before trial defense counsel successfully requested that the District Court instruct the Government to turn over all "Jencks material" no later than 2 weeks before trial. This indicates that defense counsel conducted *some* discovery before trial and also raises the inference, unrebutted by appellants, that counsel conducted some sort of pretrial investigation. Finally, as to the claim of failing to interview witnesses, the record reveals that defense counsel in fact interviewed many of the defense witnesses, and the appellants have not persuasively demonstrated from the record how further interviewing would have raised a reasonable probability of changing the outcome of the proceeding. As to the government witnesses, the appellants have not made a sufficient factual showing that would require an evidentiary hearing; they have not produced affidavits or sworn statements from any of the witnesses or from counsel. In the absence of the necessary factual showing, their allegations remain "mere conclusory statements," which, in the circumstances of this case, the District Court properly rejected.

CONCLUSION:

From our examination of the appellants' lengthy and detailed § 2255 motion, it appears that the appellants have used this "opportunity" to reargue their entire case. Nonetheless, ineffective misrepresentation is a serious charge, and we have carefully evaluated every alleged instance of professional incompetence. When viewed against the entire record, the appellants' § 2255 motion simply does not state a claim for relief. For the majority of their claims, even if one assumes that the "specific factual allegations" are true, the appellants still have not carried their burden of showing that defense counsel's performance fell "outside the wide range of professional competence" and that there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at ——–——, 104 S.Ct. at 2065–67. For the remainder of the claims, the appellants have not made sufficient factual showings that would require an evidentiary hearing. Moreover, the record indicates that the District Court, in the course of the earlier proceedings of the case, had reviewed virtually all of the material in the § 2255 motion before the motion was even filed. And, the material in the § 2255 motion that was not available in the prior record clearly does not state a claim for relief. In these circumstances, there was no need for an evidentiary hearing in order to evaluate the appellants' claim, and the District Court did not err in denying the appellants' § 2255 motion without such a hearing.

AFFIRMED.