892 F.2d 1046
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Saulo Cortez RENDON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-55032.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 1, 1989.*
Decided Dec. 14, 1989.
 
 1
 Appeal from the United States District Court for the Central District of California Richard A. Gadbois, Jr., District Judge, Presiding.
 
 
 2
 MEMORANDUM**
 
 
 3
 Rendon appeals the district court's order denying his motion to vacate sentence under 28 U.S.C. § 2255, without an evidentiary hearing. He alleged that he was denied effective assistance of counsel because his attorney (1) failed to move to strike references to a dismissed charge from a presentence report; and (2) failed to prosecute an appeal. We review de novo denial of a defendant's petition to vacate sentence. United States v. Quan, 789 F.2d 711, 713 (9th Cir.1986).
 
 
 4
 When a § 2255 motion is made, an evidentiary hearing must be granted "unless the movant's allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Schaflander, 743 F.2d 714, 717 (9th Cir.1984). The movant has the burden of making "specific factual allegations that, if true, state a claim on which relief could be granted." Id. To succeed on a claim of ineffective assistance, Rendon must show that counsel's representation "fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
 
 
 5
 First, Rendon claims that he was denied effective assistance of counsel because his counsel failed to move to strike information regarding a dismissed count of the indictment from the presentence report. A sentencing judge is given broad latitude and may take into account evidence of charges which the government has dismissed. United States v. Lewis, 862 F.2d 748, 750 (9th Cir.1988), cert. denied, --- U.S. ----, 109 S.Ct. 1169 (1989). Consequently, counsel's failure to move to strike the dismissed count of the indictment, when the district court had the right to view the whole indictment, does not meet either prong of the Strickland test. Because it is apparent on the face of the motion that Rendon is not entitled to relief on the ground asserted, no evidentiary hearing was required. See United States v. Schaflander, 743 F.2d 714, 717-18 (9th Cir.1984), cert. denied, 470 U.S. 1058 (1985).
 
 
 6
 Next, Rendon claims he was denied effective assistance because counsel failed to prosecute an appeal despite his requests that an appeal be taken and the entry of a conditional plea reserving his right to appeal. The record, however, shows that Rendon made a strategic decision not to appeal, but instead to seek a reduction of sentence on a Rule 35 motion. His Rule 35 papers explicitly state that he "abandoned his appeal." Nor would it be credible to conclude otherwise, as this claim was not made until two years after sentencing. See Watts v. United States, 841 F.2d 275, 278 (9th Cir.1988). Consequently, the district court properly denied Rendon's § 2255 motion without an evidentiary hearing.
 
 
 7
 Finally, Rendon's motion for appointment of counsel--contained in a letter written only two days before this case was submitted--is denied as untimely.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3