956 F.2d 1168
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Timothy BURGESS, Defendant-Appellant.
 No. 91-50008.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 2, 1992.*
Decided March 5, 1992.
 
 Before CANBY, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Burgess raises five issues, none of which has merit.
 
 
 3
 A. Burgess' legal representation was not " 'so inadequate' " that " 'the trial court's failure to take notice sua sponte of the problem' amount[s] to plain error." United States v. Laughlin, 933 F.2d 786, 789 n. 1 (9th Cir.1991) (quoting United States v. Wagner, 834 F.2d 1474, 1482 (9th Cir.1987)). We therefore do not consider his claim under Strickland v. Washington, 466 U.S. 668, 688 (1984). Burgess may still raise an ineffective assistance claim in a section 2255 proceeding, "the customary procedure in this Circuit for challenging the effectiveness of defense counsel in a federal criminal trial." United States v. Schaflander, 743 F.2d 714, 717 (9th Cir.1984), cert. denied, 470 U.S. 1058 (1985).
 
 
 4
 B. The district court did not abuse its discretion in granting only a one-day continuance to Burgess. See United States v. Studley, 783 F.2d 934, 938-39 (9th Cir.1986). The district court had ample reason to deny any continuance beyond one day: delay would inconvenience the court; counsel's accident had not affected her preparation for trial; the medication would not affect counsel in trying the case (in fact, there is no indication that she needed to, or in fact did, take any medication on the day of trial); and the defendant had been arraigned nearly two months earlier.
 
 
 5
 C. The district court did not err in concluding that the cocaine seized from Burgess was cocaine base and that Exhibits 1 and 3 contained the cocaine seized from Burgess. The agents testified that the cocaine was in rock form when seized, and Mr. Keil, a criminologist specializing in the identification of controlled substances, testified that the exhibits contained cocaine base. Burgess presented no evidence that the cocaine was not cocaine base. And Burgess neither contended, nor presented any evidence, that the substance in the exhibits was anything other than the substance seized from Burgess. Cf. United States v. Harrington, 923 F.2d 1371, 1374 (9th Cir.), corrected, 91 L.A.Daily J. DAR 1403, cert. denied, 112 S.Ct. 164 (1991).
 
 
 6
 D. The district court did not err in determining that Burgess' prior state court guilty plea was constitutionally valid. A counseled defendant's plea is not constitutionally invalid solely because he is not advised that he has a right to representation by counsel if he chooses to go to trial. See Boykin v. Alabama, 395 U.S. 238, 242-43 (1969); cf. Fed.R.Crim.P. 11(c)(2).
 
 
 7
 E. The judgment and probation commitment order states that Burgess' sentence is "240 months." The transcript of the sentencing hearing states "20 to 40 months." The transcript's reference to "20 to 40 months" is an obvious typographical error. During the sentencing hearing, the district judge stated he was imposing the "minimum sentences involved in the case." The minimum sentence is 240 months. (Thus, even if the judge had been of a mind to impose a lesser sentence, he couldn't have.) In addition, a sentence of "20 to 40" months would make no sense because the judge was required to give a specific amount of prison time, not a range. If Burgess believes the judgment and probation commitment order contains a mistake, he can bring a motion under Fed.R.Crim.P. 36 in the district court to correct it.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3