977 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carlton SMITH, Jr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-55944.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 10, 1992.*
Decided Oct. 2, 1992.
 
 Before FLETCHER, O'SCANNLAIN and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carlton Smith, Jr. appeals the district court's denial of his motion to set aside his sentence under 28 U.S.C. § 2255. We affirm.
 
 
 3
 I. Facts.
 
 
 4
 In July of 1988, Greg Beloney, a DEA agent, started buying crack cocaine from Thomas Penn. Penn eventually offered to show Beloney how to manufacture crack. Beloney arrived at Penn's apartment for the cook at around noon on October 18, 1988. Sammy Tryon, who was to help with the cook, arrived a few minutes later, followed about fifteen minutes later by Smith and his wife. Penn introduced Smith as "Smitty," and told Beloney that Smith was present to help him make crack. Smith didn't object to this statement.
 
 
 5
 After a wait of about one hour, Clyde Spears showed up, sold Beloney nine ounces of cocaine, and then left. Smith then followed Penn, Beloney and Tryon (without being asked to do so) into the kitchen. While Penn mashed the cocaine, Smith filled a pot with water and placed it on the stove to boil. When Penn asked whether three ounces of cocaine could be converted to crack at one time, Smith and Tryon told him that it could, with their help. They then watched Penn perform the cook and snorted a little cocaine. When Penn asked Smith whether the cook was done, Smith told Penn to cook it a little longer.
 
 
 6
 After the first three-ounce cook had been completed, Penn started a second. When he left the room to answer a phone call, Smith continued to stir the mixture, and then cooled and dried the second batch before Penn had returned. Smith washed the coffee pot that Penn had been using so that it could be used to cook the last three ounces of cocaine, and helped Penn clean the kitchen while Tryon and Beloney performed the third cook.
 
 
 7
 Smith was indicted by a federal grand jury of conspiring to manufacture and distribute crack, manufacturing crack within 1,000 feet of an elementary school, and distributing crack within 1,000 feet of an elementary school. His lawyer moved for a continuance on the first day of trial, because he wanted more time to prepare. The district court denied the motion. Smith took the stand at trial and testified that he was present in Penn's apartment to deliver some pies, and denied that he had assisted in the cook. Smith's wife also testified that he had not participated in the cook. Smith was acquitted on the conspiracy count but convicted on the manufacturing and distribution counts. He appealed, arguing that the district court had erred in failing to grant a continuance. The circuit court affirmed.
 
 
 8
 Smith subsequently filed a motion for relief under 28 U.S.C. § 2255, alleging that he had been denied effective assistance of counsel because his attorney failed to gather key witnesses. The district court denied the motion without an evidentiary hearing.
 
 
 9
 II. Standard of Review.
 
 
 10
 A denial of a section 2255 motion is reviewed de novo. Doganiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 111 S.Ct. 1398 (1991). The district court's decision not to hold an evidentiary hearing is reviewed for abuse of discretion. Id. at 168.
 
 
 11
 III. Denial of the Section 2255 Motion.
 
 
 12
 Smith argues that he was denied his Sixth Amendment right to effective assistance of counsel. A defendant claiming that he has been denied effective assistance of counsel must show that (1) his counsel's actions fell "outside the wide range of professionally competent assistance," Strickland v. Washington, 466 U.S. 668, 687-90 (1984), and (2) he was prejudiced by his counsel's actions, i.e., "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 691-94.
 
 
 13
 Smith has not shown he was prejudiced by any action of his attorney. Smith's claim boils down to the argument that he was denied effective assistance of counsel because his attorney failed to interview and subpoena Penn, who would have testified that Smith was at the apartment only to deliver some pies. Smith's attorney said he needed a continuance because he was having "difficulty in getting hold" of some of Smith's codefendants. He further explained that he was "having difficulty with the attorneys" for the codefendants, a formulation often used to mean that attorneys for some potential witnesses were contacted but did not recommend that their clients testify. We cannot simply assume that Penn would have taken the stand and testified that Smith was only there to deliver some pies. In order to establish prejudice from his lawyer's failure to interview Penn, Smith would, at a minimum, have to introduce an affidavit from Penn disclosing what he would have said if he had testified. Morris v. California, 945 F.2d 1456, 1462 (9th Cir.1991). This he failed to do.
 
 
 14
 IV. Denial of an Evidentiary Hearing.
 
 
 15
 The district court must hold an evidentiary hearing on a section 2255 motion "unless the movant's allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Schaflander, 743 F.2d 714, 717 (9th Cir.1984), cert. denied, 470 U.S. 1058 (1985). The movant must, however, make a factual showing in support of the motion by affidavit or sworn statement from the witness or counsel. Id. at 721. Smith failed to make such a showing, and therefore the district court properly declined to hold an evidentiary hearing on his section 2255 motion.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3