28 F.3d 110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael Dean VICKS, Petitioner-Appellant,
v.
J.M. RATELLE, Warden, Respondent-Appellee.
 No. 93-55276.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 6, 1994.*
Decided May 23, 1994.
 
 Before: HALL, LEAVY, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Dean Vicks appeals pro se from the district court's denial of his second petition for writ of habeas corpus, arguing that the district court erred by holding that the petition was successive as to certain claims and abusive as to others. A habeas petition is successive when it contains claims previously asserted in an earlier petition, and a state prisoner abuses the petition for writ of habeas corpus when he advances claims for the first time in a later petition that he could have made in a previous petition. McCleskey v. Zant, 499 U.S. 467, 487-88 (1991). Cf. 28 U.S.C. Sec. 2244(b).
 
 
 3
 Vicks' second petition was successive with respect to his claims of improper admission of evidence of co-defendant Alton Stovall's blood type and improper jury instructions on aiding and abetting, because Vicks had asserted those claims in his previous petition and failed to allege new or different grounds in support thereof in his second petition. Vicks' second petition was abusive with respect to the insufficient evidence claim because Vicks failed to assert the claim in the previous petition, and this failure was not excused on the ground of functional illiteracy.[1] See Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986). Accordingly, the district court did not err by ruling as it did. See Sawyer v. Whitley, 505 U.S. ----, ----, 112 S.Ct. 2514, 2518 (1992).
 
 
 4
 Vicks also contends that the district court abused its discretion by denying his request for appointment of counsel. There is no constitutional right to appointed counsel in habeas proceedings, and no exceptional circumstances existed that would have warranted the appointment of counsel in the instant case. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986).
 
 
 5
 AFFIRMED.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Vicks also cannot be heard to complain about the district court's failure to conduct an evidentiary hearing on the question of illiteracy when the court determined that, even assuming the truth of Vicks' allegation, such would not constitute a showing of cause. See United States v. Schaflander, 743 F.2d 714, 718-20 (9th Cir.1984) (district court's failure to conduct evidentiary hearing on claim of ineffective assistance of counsel not improper where petitioner's allegations, even if true, failed to state ground for relief), cert. denied, 470 U.S. 1058 (1985)