79 F.3d 1154
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffrey Scott DEPENBROCK, Defendant-Appellant.
 No. 94-10565.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1996.*
Decided March 19, 1996.
 
 Before: THOMPSON, KLEINFELD and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 We do not decide Depenbrock's ineffective assistance of counsel claim. " '[T]he customary procedure in this Circuit for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack on the conviction under 28 U.S.C. § 2255, and this Court has been chary of analyzing insufficiency of counsel claims on direct appeal.' " United States v. Rewald, 889 F.2d 836, 859 (1989), amended, 902 F.2d 18 (9th Cir.1990) (quoting United States v. Schaflander, 743 F.2d 714, 717 (9th Cir.1984)). The purpose behind this general rule is to "permit[ ] the defendant to develop a record as to what counsel did, why it was done, and what, if any prejudice resulted." Id. (quotation omitted). Because additional facts are necessary to determine whether there is any merit to Depenbrock's claim of ineffective assistance, it is left for collateral review. United States v. Robinson, 967 F.2d 287, 290 (9th Cir.1992).
 
 
 3
 Though phrased as a substantial evidence challenge, Depenbrock's second argument is in substance a claim that 18 U.S.C. § 922(g)(1) is unconstitutional under United States v. Lopez, 115 S.Ct. 1624 (1995), unless possession of the firearm was itself an economic activity substantially affecting interstate commerce. Depenbrock claims that it is not enough to show that the firearm had been transported in interstate commerce. We are bound by the holding in United States v. Hanna, 55 F.3d 1456 (9th Cir.1995), to the proposition that "[s]ection 922(g)'s requirement that the firearm have been, at some time, in interstate commerce is sufficient to establish its constitutionality under the Commerce Clause." Id. at 1462 n. 2.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3