**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Javier Alejandro GODINEZ, aka Nano,
et al., Defendant—Appellant.**

No. 99–50735.
D.C. No. CR–98–00498–SVW–1.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 2002.

Decided Dec. 16, 2002.

Before REINHARDT, O'SCANNLAIN and PAEZ, Circuit Judges.

MEMORANDUM *

A jury convicted Javier Alejandro Godinez ("Godinez") of one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). Godinez challenges his conviction and sentence on the ground that he received ineffective assistance of counsel at trial and sentencing. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

We do not decide Godinez's ineffective assistance of counsel claims. " '[T]he customary procedure in this Circuit for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack ... under 28 U.S.C. § 2255, and this Court has been chary of analyzing insufficiency of counsel claims on direct appeal.' " *United States v. Rewald*, 889 F.2d 836, 859 (1989), *amended*, 902 F.2d 18 (9th Cir.1990) (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir.1984)). The purpose behind this general rule is to "permit[ ] the defendant to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted." *Id.* (quotation omitted). Because additional facts are necessary to determine whether there is any merit to Godinez's claims of ineffective assistance, his claims are more appropriately addressed in a collateral proceeding under 28 U.S.C. § 2255.

**AFFIRMED**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.