UNITED STATES of America,
Plaintiff—Appellee,

v.

Raymond D. CHEELY, Jr.,
Defendant—Appellant.

No. 02–35402.

D.C. No. CV–98–00329–a–JKS,
CR–92–00073–a–JKS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 11, 2003.

Decided Aug. 19, 2003.

Before PREGERSON, CANBY, and MCKEOWN, Circuit Judges.

MEMORANDUM *

The district court did not abuse its discretion in denying Cheely's request for an evidentiary hearing on the question of whether the government knowingly used Adams' perjured testimony during Cheely's trial.[1] When viewed against the record, Cheely's allegations of perjured testimony, if proven, would not state a claim for relief. See 28 U.S.C. § 2255; *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir.1984). Each of the allegedly false statements admitted at trial were cumulative of other evidence. Furthermore, Adams' credibility was seriously undermined by impeachment at trial. *Cf. United States v. Cheely*, 114 F.3d 1196 (9th

---

1. We review for abuse of discretion the district court's decision to deny Cheely's request for evidentiary hearings. *See United States v. Christakis*, 238 F.3d 1164, 1168 (9th Cir. 2001).

Cir.1997) (unpublished) (noting the "overwhelming amount of impeaching evidence against Adams"). Thus, there was not a reasonable likelihood that the testimony affected the verdict against Cheely. *See United States v. Agurs,* 427 U.S. 97, 103–04, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).

The district court did not abuse its discretion in denying Cheely's request for an evidentiary hearing on the question whether the government withheld evidence from Cheely in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The allegations made by Cheely in his request, when viewed against the record, do not state a claim under *Brady.* The record demonstrated that the allegedly withheld evidence was available to Cheely during discovery, and therefore it was not suppressed by the government. *See id.* at 87.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.