MEMORANDUM **
Petitioner Siokatame Hafoka (“Joe Ha-foka”) appeals the district court’s denial of his 28 U.S.C. § 2255 motion without an evidentiary hearing. Hafoka raised ineffective assistance of counsel claims in his § 2255 motion and contends that the district court erred in failing to hold an evi-dentiary hearing. Because the parties are familiar with the facts, we shall not recite them here. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
The district court did not abuse its discretion in denying an evidentiary hearing on Hafoka’s ineffective assistance claims. See United States v. Leonti, 326 F.3d 1111, 1116 (9th Cir.2003). When considering a § 2255 petition, the district court shall hold an evidentiary hearing “[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.” 28 U.S.C. § 2255. A district court has the discretion to fore-go an evidentiary hearing and instead rely on the record, which may be supplemented by: discovery and documentary evidence, the judge’s own notes and recollection of the trial, and common sense. Shah v. *78 United States, 878 F.2d 1156, 1159 (9th Cir.1989). Furthermore, this court has specified that “ ‘[m]erely conclusory statements in a § 2255 motion are not enough to require a hearing.’” United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993) (quoting United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980)).
Here, the same judge presided over Ha-foka’s lengthy trial, having an opportunity to observe the proceedings and supplement the record with his own recollection and common sense in deciding to deny an evidentiary hearing. See Blackledge v. Allison, 431 U.S. 63, 74 n. 4, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977) (“In some cases, the judge’s recollection of the events at issue may enable him summarily to dismiss a § 2255 motion”). In doing so, the district court correctly determined that a number of Hafoka’s claims were bald, conclusory assertions unsupported by credible facts. [ER 14, 15] Additionally, any remaining claims, when viewed against the extensive record and counsel’s affidavit, were “palpably incredible or patently frivolous as to warrant summary dismissal.” See United States v. Schaflander, 743 F.2d 714, 717 (9th Cir.1984). Hafoka has failed to satisfy the standard which would warrant an evidentiary hearing on his ineffective assistance claims. Therefore, the denial of the § 2255 petition without an evidentiary hearing is
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.