**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Joga Singh JOHAL, Defendant–Appellant.**

No. 08–35304.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 4, 2009.

Filed Feb. 20, 2009.

Joseph Hilary Harrington, Aine Ahmed, Assistant U.S., USSP—Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Mark Edmund Vovos, Mark Vovos Law Office, Spokane, WA, for Defendant–Appellant.

Before: B. FLETCHER, RYMER and FISHER, Circuit Judges.

## MEMORANDUM *

Petitioner Joga Singh Johal ("Johal") appeals the denial without an evidentiary hearing of his petition pursuant to 28 U.S.C. § 2255 to vacate his sentence on the basis of ineffective assistance of counsel. We affirm.

Johal was convicted and sentenced for violating 21 U.S.C. § 841(c)(2) by intentionally distributing pseudoephedrine that he knew or had reasonable cause to believe would be used to manufacture methamphetamine. Johal asserts that his trial counsel failed to adequately investigate and present testimony supporting his defense that he lacked sufficient English language proficiency to have the requisite mens rea to violate Section 841(c)(2). We review de novo the district court's decision to deny Johal's petition. *United States v. Rodrigues,* 347 F.3d 818, 823 (9th Cir. 2003).

Johal has failed to demonstrate that his counsel's alleged deficient performance was prejudicial as is required by *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). At trial, Johal's counsel presented expert testimony that was not strongly challenged concerning Johal's language ability, Johal himself testified partially in English, and tapes were played of Johal interacting with pseudoephedrine purchasers. Any further expert or lay testimony concerning his language ability would have been largely cumulative. *See Turner v. Calderon,* 281 F.3d 851, 875 (9th Cir.2002); *Babbitt v. Calderon,* 151 F.3d 1170, 1175 (9th Cir. 1998). Furthermore, there was substantial evidence presented at trial that Johal had or should reasonably have had knowledge of the intended use of the pseudoephedrine he sold, even if the jury believed he lacked English proficiency. In light of this, we cannot find "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. Because we hold Johal was not prejudiced by counsel's performance, we need not decide whether counsel's performance was deficient. *See Id.* at 697, 104 S.Ct. 2052.[1]

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Johal also appeals the district court's denial of his request for an evidentiary hearing, which we review for abuse of discretion. *Rodrigues,* 347 F.3d at 823. Because Johal has not " 'made specific factual allegations that, if true, state a claim on which relief could be granted,' " the district court's denial was not an abuse of discretion. *United States v. Leonti,* 326 F.3d 1111, 1116 (9th Cir.2003) (quoting *United States v. Schaflander,* 743 F.2d 714, 717 (9th Cir.1984)).