**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NEIL CHAPMAN, | No. 09-35271 |
| Petitioner - Appellant, | D.C. No. 3:06-cv-00308-HU |
| v. | |
| ROBERT LAMPERT, Superintendent Snake River Correctional Institution, | MEMORANDUM [*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Garr M. King, Senior District Judge, Presiding

Submitted March 2, 2010[**]
Portland, Oregon

Before: PAEZ, TALLMAN, and M. SMITH, Circuit Judges.

Petitioner Neil Chapman (Chapman) appeals the district court's denial of his

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Chapman seeks

habeas relief from his state court conviction for thirteen counts arising from the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

sexual abuse of his daughter, "B.C.", on the ground that he was denied his constitutional right to effective assistance of counsel. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.

We review de novo the district court's denial of habeas relief. *Dows v. Wood*, 211 F.3d 480, 484 (9th Cir. 2000). Habeas relief is warranted only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id*. § 2254(d)(2). We review de novo a district court's conclusions regarding procedural default. *Pirtle v. Morgan*, 313 F.3d 1160, 1168 (9th Cir. 2002). We review a district court's decision to grant or deny an evidentiary hearing for abuse of discretion. *Estrada v. Scribner*, 512 F.3d 1227, 1235 (9th Cir. 2008).

To succeed on an ineffective assistance of counsel claim, the petitioner must show: (1) "that counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Chapman's habeas petition raises three grounds upon which his

2

trial counsel was constitutionally ineffective: (1) the failure to investigate and call Steve Chapman as a witness; (2) the failure to investigate and call Stephan White as a witness; and (3) the failure to investigate and obtain B.C.'s medical records. Chapman's petition fails on all three grounds.

We affirm the district court's finding that Chapman failed to exhaust his ineffective assistance claim for failing to investigate and call Steve Chapman as a witness, and that the claim is therefore procedurally defaulted. *See Picard v. Connor*, 404 U.S. 270, 275 (1971). A state prisoner must exhaust all constitutional claims in state court before a federal court can consider them. 28 U.S.C. § 2254(b)(1)(A), (c). To fully and fairly present a claim to the state courts, a petitioner "must describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon the constitutional claim." *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003) (internal quotation marks omitted), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007).

Chapman failed to present the operative facts of his ineffective assistance claim relating to Steve Chapman's testimony, to the Oregon Court of Appeals and the Oregon Supreme Court. His briefs to both state courts of appeal argued

ineffective assistance of counsel only in relation to the testimony of Stephan White, thereby depriving Oregon's appellate courts "the opportunity to pass upon and correct" the alleged violation of Chapman's federal right related to Steve Chapman's testimony. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks omitted). Chapman concedes that he did not exhaust his remedies as to his ineffective assistance claim related to B.C.'s medical records, and that claim is procedurally defaulted as well.

Chapman argues that he has overcome his procedural default as to these two claims by establishing "gateway" actual innocence under *Schlup v. Delo*, 513 U.S. 298 (1995). A petitioner may overcome a procedural default by (1) producing "new reliable evidence [of innocence]—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial," *id.* at 324, and (2) showing "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence," *id*. at 327. To demonstrate actual innocence under *Schlup*, a petitioner must show "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Chapman presents several items in support of his actual innocence claim, including B.C.'s medical records and affidavits from ex-wife Stella Chapman, the

4

daughters from his prior marriage to Rose Chapman, Stephan White, and Steve Chapman. Although Chapman has presented some impeachment evidence, that evidence does not fundamentally call into question the reliability of Chapman's conviction. It does not rise to the level of evidence that this court has previously found to satisfy the *Schlup* standard. *Compare Carriger v. Stewart*, 132 F.3d 463, 471-72, 478-79 (9th Cir. 1997) (en banc) (holding that the petitioner satisfied the *Schlup* standard where the prosecution's chief witness against the petitioner, who had been convicted and sentenced to death for murder, later confessed in open court that he was the murderer and that he had framed the petitioner) *with Sistrunk v. Armenakis*, 292 F.3d 669, 673-76 (9th Cir. 2002) (en banc) (holding that the petitioner could not pass through the *Schlup* gateway where new evidence presented by the petitioner, who had been convicted of raping an eleven-year-old girl, revealed inaccuracies in the expert's testimony and had some impeachment value related to the victim's testimony).

At trial, B.C. presented a detailed and coherent narrative of the treatment to which she was subjected over many years, and she was cross-examined. The jury was thus afforded the first-hand opportunity to judge her credibility. The state's case did not hinge exclusively on B.C.'s testimony. The jury heard the testimony of her mother Delia, her two siblings, her grandmother, and two expert witnesses,

5

all of whom corroborated B.C.'s account. In sum, in light of all the evidence presented at trial, the mere cumulative or uncorroborated impeachment evidence offered by Chapman is not "so strong" that we do not have "confidence in the outcome of the trial" such that "no reasonable juror would have found [Chapman] guilty." *Schlup*, 513 U.S. at 316, 327.

With Chapman's ineffective assistance claims as to Steve Chapman and B.C.'s medical records procedurally defaulted, Chapman's only remaining claim for habeas relief is that related to the testimony of Stephan White. We affirm the district court's denial of habeas relief on this claim.

Neil Chapman must show that his counsel's failure to call White to testify prejudiced his defense. *See Strickland*, 466 U.S. at 687. "He must show that there is a reasonable probability that, but for counsel's unprofessional error[] [in failing to call White], the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *United States v. Schaflander*, 743 F.2d 714, 718 (9th Cir. 1984) (internal citation omitted).

White would have primarily testified about his observations of the Chapman family, particularly the relationship between Chapman and his children, and the conduct of Chapman and Delia during their divorce proceedings. This information

6

was already in the record. There were over a dozen witnesses presented at the trial who spent time at the Chapman's home, saw the family members interacting with each other, and testified that they appeared happy together. As to the divorce, other witnesses, namely Delia, Chapman, and his divorce attorney, testified about the bitter nature of the divorce and the judgment awarded to Chapman in those proceedings, allowing the defense to build a case that Delia possessed a financial motive to have B.C. fabricate the abuse allegations against her father. The failure to present a witness at trial whose testimony would be only cumulative of other witnesses' testimony cannot show prejudice under *Strickland*. *See Schaflander*, 743 F.2d at 718. As a result, Chapman's remaining ineffective assistance claim fails. *See Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002) ("Failure to satisfy either prong of the *Strickland* test obviates the need to consider the other.").

We also affirm the district court's denial of Chapman's motion for an evidentiary hearing. The district court was not obligated to conduct an evidentiary hearing, as "the record refutes [Chapman's] factual allegations or otherwise precludes habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *United States v. Birtle*, 792 F.2d 846, 849 (9th Cir. 1986) (stating that an evidentiary hearing is not necessary if "the 'motion and the files and records of the case conclusively show that the prisoner is entitled to no relief'" (quoting 28 U.S.C.

7

§ 2255)).

**AFFIRMED**.