**NOT FOR PUBLICATION**

FEB 09 2016

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50095 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-02627-CAB-1 |
| v. | |
| ESTEBAN MUNIZ-TORRES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for Southern California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted February 5, 2016[**]
Pasadena, California

Before: CALLAHAN and N.R. SMITH, Circuit Judges and RAKOFF,[***] Senior District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

Esteban Muniz-Torres appeals his conviction for being a removed alien found in the United States in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291. The district court denied Mr. Muniz-Torres's motion to dismiss the information without holding an evidentiary hearing to determine whether he had previously been convicted of violating California Health and Safety Code § 11351. We review a district court's denial of an evidentiary hearing for abuse of discretion. *See Rhoades v. Henry*, 598 F.3d 495, 500 (9th Cir. 2010). We affirm.

Mr. Muniz-Torres moved to dismiss the information on the basis that previous removal orders (entered in September 1990 and September 2005) were invalid because he had not been properly advised of his right to seek voluntary departure. Mr. Muniz-Torres agreed that if he had been convicted of violating § 11351, an aggravated felony, then he would have been ineligible for voluntary departure relief and so could not establish prejudice. But Mr. Muniz-Torres contended that he was not the same individual whose name, "Juan Jose Torres," appears on the § 11351 conviction that, the Government alleged, belonged to Mr. Muniz-Torres. The district court, stating that "the materials provided by the government are adequate to establish that this defendant was incarcerated for this 11351 violation in 1989, 1990," denied the defendant's motion without holding an

2

evidentiary hearing to determine if Mr. Muniz-Torres had in fact acquired the § 11351 conviction in question. This appeal followed.

A district court may deny an evidentiary hearing when "the movant's allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984) (discussing the standard for granting an evidentiary hearing in the habeas context). Here, as the district court noted, the defendant was served with an order to show cause while he was in the Donovan Correctional Center in 1990. This notice was addressed to "Muniz-Torres, Estevan, aka Torres, Jose" and indicated that its recipient had been convicted in 1989 of possession of cocaine for sale in violation of California Health and Safety Code § 11351. Mr. Muniz-Torres appeared before an immigration judge pursuant to this order to show cause and answered in the affirmative when he was asked whether he was convicted the previous August of cocaine for sale. Even at Mr. Muniz-Torres's later removal hearing in 2005, where he denied using the name "Jose Juan Torres," and said he had not been convicting of transporting cocaine, Mr. Muniz-Torres acknowledged that he had also used the name "Jose Muniz-Torres." In light of this record, we cannot find that the district court abused its discretion in declining to hold an evidentiary hearing to determine

3

whether Mr. Muniz-Torres had, in fact, been convicted of violating § 11351.

We have considered the defendant's remaining arguments and find them to be without merit. The judgment of the district court is therefore AFFIRMED.