NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-56138 |
| Plaintiff-Appellee, | D.C. Nos. 2:18-cv-01426-TJH |
| v. | 2:14-cr-00567-BRO-2 |
| ANAHIT SHATVORYAN, AKA Anna Shatvoryan, AKA Anne Shatvoryan, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Jr., District Judge, Presiding

Argued and Submitted September 9, 2019
Pasadena, California

Before: OWENS, R. NELSON, and MILLER, Circuit Judges.

Anahit Shatvoryan pled guilty to one count of conspiracy to commit

healthcare fraud for her role in a scheme to defraud Medicare. After signing the

plea agreement, Shatvoryan filed a 28 U.S.C. § 2255 motion arguing that her

counsel were ineffective in negotiating her plea agreement. The district court

denied the motion without holding an evidentiary hearing. In its order, the district

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

court found that Shatvoryan's counsel were defective in negotiating her plea agreement but concluded that she had not suffered any prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984). Shatvoryan timely appealed and argues that the district court erred in denying her motion without holding an evidentiary hearing pursuant to 28 U.S.C. § 2255(b). We agree and therefore reverse and remand with instructions to hold a hearing.

A trial court may deny a § 2255 motion without holding an evidentiary hearing only if the record "conclusively show[s] that the prisoner is entitled to no relief." § 2255(b). Otherwise, the trial court "shall . . . grant a prompt hearing . . . , determine the issues[,] and make findings of fact and conclusions of law . . . ." *Id.* "A hearing must be granted unless the movant's allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984). "The standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted," *id.*, which is a "low threshold," *United States v. Howard*, 381 F.3d 873, 883 (9th Cir. 2004). The decision to deny a § 2255 motion without a hearing is reviewed for abuse of discretion. *See United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003).

Here, Shatvoryan argues that but for her counsel's ineffective assistance, she

would have secured a more favorable plea agreement that left open the loss amount attributable to her fraudulent conduct under United States Sentencing Guideline § 2B1.1(b)(1)(J).

In support of that argument, Shatvoryan submitted declarations detailing her familiarity with Medicare's reimbursement scheme. According to Shatvoryan, she knew that despite her submission of reimbursement requests in the amount of $4.5 million to Medicare, Medicare's reimbursement caps limited the amount she and her co-conspirators could collect to roughly $1.7 million. Crediting those statements, and in light of the fact that (1) Shatvoryan was able to secure a more favorable plea agreement after her first plea agreement was vacated and (2) the United States Attorney for the Central District of California has routinely negotiated plea agreements that leave open the loss amount under § 2B1.1(b)(1)(J), we conclude that Shatvoryan has "state[d] a claim on which relief could be granted." *Schaflander*, 743 F.2d at 717. The district court therefore was required to hold an evidentiary hearing before denying Shatvoryan's § 2255 motion.

Accordingly, we **REVERSE AND REMAND** with instructions to hold a timely hearing that allows Shatvoryan to obtain appropriate relief.

*United States v. Shatvoryan*, No. 18-56138

OWENS, Circuit Judge, dissenting:

I respectfully dissent, as I do not believe the defendant has satisfied her burden to receive an evidentiary hearing.